ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 WILLIAMSBURG LANE
   CHICO, CA. 95926
4  (530) 895-3252

5  Attorneys for Plaintiff

6

7

8

9               UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  LARRY MCIVER,                    N'08 CV 1386 JAH RBB

14       Plaintiff,

15       vs.                         **Plaintiff's Complaint**

16  PNS STORES, INC. dba BIG LOTS
17  #4267; WENMAR, LLC; STATER
    BROS. MARKETS, INC. dba
18  STATER BROS. MARKET #156,

19       Defendants.

20

21

22

23

24

25

26

27

28
    *McIver v. PNS Stores, Inc., et al.*
    **Plaintiff's Complaint**

FILED
JUL 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

CK

## I. SUMMARY

1.    This is a civil rights action by plaintiff Larry McIver ("McIver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

Big Lots #4267
760 Sycamore Avenue
Vista, CA  92803
(hereafter "the Big Lots Facility")

Stater Bros. Market #156
780 Sycamore Avenue
Vista, CA  92083
(hereafter "the Stater Bros. Facility")

2.    McIver seeks exemplary damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990,( 42 U.S.C. §§ 12101 et seq.), and related California statutes against:    PNS Stores, Inc. dba Big Lots #4267 and Wenmar, LLC (collectively "the Big Lots Defendants") and Stater Bros. Markets, Inc. dba Stater Bros. Market #156 ( "the Stater Bros. Defendant")

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    McIver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1

### III. VENUE

2  6. All actions complained of herein take place within the

3 jurisdiction of the United States District Court, Southern District of

4 California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

5

### IV. PARTIES

6  7. The Big Lots Defendants own, operate, or lease the Big Lots

7 Facility, and consists of a person (or persons), firm(s), or corporation(s).

8  8. The Stater Bros. Defendant owns, operates, or leases the

9 Stater Bros. Facility, and consists of a person (or persons), firm(s), or

10 corporation(s).

11  9. McIver has Becker's Muscular Dystrophy and is unable to

12 walk or stand; he requires the use of an electric scooter when traveling

13 about in public. Consequently, McIver is "physically disabled," as defined

14 by all applicable California and United States laws, and a member of the

15 public whose rights are protected by these laws.

16

### V. FACTS

17  10. The Big Lots Facility is a sales or retail establishment, open

18 to the public, which is intended for nonresidential use and whose

19 operation affects commerce.

20  11. The Stater Bros. Facility is a sales or retail establishment,

21 open to the public, which is intended for nonresidential use and whose

22 operation affects commerce.

23  12. McIver visited the Big Lots Facility and encountered barriers

24 (both physical and intangible) that interfered with—if not outright

25 denied—his ability to use and enjoy the goods, services, privileges, and

26 accommodations offered at the facility.  To the extent known by McIver,

27 the barriers at the Big Lots Facility include but are not limited to:

28

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

Page 3

- The tow away signage posted is not correct;
- The signage at the disabled parking spaces is incorrect;
- The slope and cross slope of the access aisles exceed 2.0% due to the encroaching built up curb ramp;
- The disabled parking spaces have slopes and cross slopes that exceed 2.0%;
- The sidewalk in front of the Big Lots Facility has a cross slope that exceeds 2.0%;
- There is no checkstand designated as being accessible to the disabled;
- The door into the restroom requires pinching, twisting, and/or grasping to operate;
- There is insufficient strike side clearance when entering the restroom;
- The side grab bar does not extend 24 inches from the front of the water closet;
- The operable part of the disposable seat cover dispenser is mounted at more than 40 inches from the floor;
- The disposable seat cover dispenser is mounted above and behind the water closet causing it to be outside of the required reach range limits;
- The water closet is an obstruction to the use of the disposable seat cover dispenser;
- The pipes underneath the lavatory are not wrapped;
- The operable part of the soap dispenser is mounted at more than 40 inches from the floor; and,

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

- The paper towel dispenser requires pinching, twisting, and/or grasping to operate.

These barriers prevented McIver from enjoying full and equal access.

13.    McIver visited the Stater Bros. Facility and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by McIver, the barriers at the Stater Bros. Facility include but are not limited to:

- The tow away signage posted is incorrect;
- Some entrances are lacking tow away signage altogether;
- The van accessible signage posted is incorrect;
- The deli counter is too high and does not have a portion lowered to accommodate patrons in wheelchairs;
- The deli counter is in accessible due to the bread racks placed in front;
- There are no checkstands designated as being accessible to the disabled;
- The checkstand counters are too high and do not have a portion lowered to accommodate patrons in wheelchairs;
- The pay point machines are mounted too high;
- There is insufficient strike side clearance when entering the restroom;
- The flush valve of the water closet is located on the wrong side;
- The side grab bar does not extend 24 inches from the front of the water closet;
- The operable part of the disposable seat cover dispenser is mounted at more than 40 inches from the floor;

*McIver v. PNS Stores, Inc., et al.*
*Plaintiff's Complaint*

Page 5

- The disposable seat cover dispenser is mounted above and behind the water closet causing it to be outside of the required reach range limits;

- The water closet is an obstruction to the use of the disposable seat cover dispenser;

- The paper towel dispenser is an obstruction to the use of the water closet;

- The toilet tissue dispenser encroaches into the clear maneuvering space needed to access the water closet;

- The pipes underneath the lavatory are not properly and/or completely wrapped;

- The operable part of the soap dispenser is mounted at more than 40 inches from the floor; and,

- There is insufficient strike side clearance when exiting the restroom.

These barriers prevented McIver from enjoying full and equal access.

14.    McIver was also deterred from visiting the Big Lots Facility because he knew that the Big Lots Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Big Lots Facility because of the future threats of injury created by these barriers.

15.    McIver was also deterred from visiting the Stater Bros. Facility because he knew that the Stater Bros. Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Stater Bros. Facility because of the future threats of injury created by these barriers.

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1    16.    McIver also encountered barriers at the both of the facilities,
2  which violate state and federal law, but were unrelated to his disability.
3  Nothing within this Complaint, however, should be construed as an
4  allegation that McIver is seeking to remove barriers unrelated to his
5  disability.

6    17.    The Big Lots Defendants knew that these elements and areas
7  of the Big Lots Facility were inaccessible, violate state and federal law,
8  and interfere with (or deny) access to the physically disabled.  Moreover,
9  the Big Lots Defendants have the financial resources to remove these
10  barriers from the Big Lots Facility (without much difficulty or expense),
11  and make the facility accessible to the physically disabled.   To date,
12  however, the Big Lots Defendants refuse to either remove those barriers or
13  seek an unreasonable hardship exemption to excuse non-compliance.

14    18.    At all relevant times, the Big Lots Defendants have possessed
15  and enjoyed sufficient control and authority to modify the Big Lots
16  Facility to remove impediments to wheelchair access and to comply with
17  the Americans with Disabilities Act Accessibility Guidelines and Title 24
18  regulations.    The Big Lots Defendants have not removed such
19  impediments and have not modified the Big Lots Facility to conform to
20  accessibility standards.    The Big Lots Defendants have intentionally
21  maintained the Big Lots Facility in its current condition and have
22  intentionally refrained from altering the Big Lots Facility so that it
23  complies with the accessibility standards.

24    19.    McIver further alleges that the (continued) presence of
25  barriers at the Big Lots Facility is so obvious as to establish The Big Lots
26  Defendants' discriminatory intent.[1]   On information and belief, McIver

27

28  _____
[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

Page 7

avers that evidence of this discriminatory intent includes the Big Lots Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Big Lots Facility; conscientious decision to the architectural layout (as it currently exists) at the Big Lots Facility; decision not to remove barriers from the Big Lots Facility; and allowance that Big Lots Facility continues to exist in its non-compliant state. McIver further alleges, on information and belief, that the Big Lots Defendants are not in the midst of a remodel, and that the barriers present at the Big Lots Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

20.    The Stater Bros. Defendant knew that these elements and areas of the Stater Bros. Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Stater Bros. Defendant has the financial resources to remove these barriers from the Stater Bros. Facility (without much difficulty or expense), and make the facility accessible to the physically disabled. To date, however, the Stater Bros. Defendant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

21.    At all relevant times, the Stater Bros. Defendant has possessed and enjoyed sufficient control and authority to modify the Stater Bros. Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Stater Bros. Defendant has not removed such impediments and has not modified the Stater Bros. Facility to conform to accessibility standards. The Stater Bros. Defendant has intentionally maintained the Stater Bros. Facility in its current condition and has

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1    intentionally refrained from altering the Stater Bros. Facility so that it

2    complies with the accessibility standards.

3       22.    McIver further alleges that the (continued) presence of

4    barriers at the Stater Bros. Facility is so obvious as to establish the Stater

5    Bros. Defendant's discriminatory intent.[2]   On information and belief,

6    McIver avers that evidence of this discriminatory intent includes the Stater

7    Bros. Defendant's refusal to adhere to relevant building standards;

8    disregard for the building plans and permits issued for the Stater Bros.

9    Facility; conscientious decision to the architectural layout (as it currently

10    exists) at the Stater Bros. Facility; decision not to remove barriers from the

11    Stater Bros. Facility; and allowance that Stater Bros. Facility continues to

12    exist in its non-compliant state.  McIver further alleges, on information

13    and belief, that the Stater Bros. Defendant is not in the midst of a remodel,

14    and that the barriers present at the Stater Bros. Facility are not isolated (or

15    temporary) interruptions in access due to maintenance or repairs.

16       23.    The Big Lots Defendants knew that these elements and areas

17    of the Big Lots Facility were inaccessible, violate state and federal law,

18    and interfere with (or deny) access to the physically disabled.  Moreover,

19    the Big Lots Defendants have the financial resources to remove these

20    barriers from the Big Lots Facility (without much difficulty or expense),

21    and make the facility accessible to the physically disabled.  To date,

22    however, the Big Lots Defendants refuse to either remove those barriers or

23    seek an unreasonable hardship exemption to excuse non-compliance.

24       24.    The Stater Bros. Defendant knew that these elements and

25    areas of the Stater Bros. Facility were inaccessible, violate state and

26    federal law, and interfere with (or deny) access to the physically disabled.

27

28    [2]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1  Moreover, the Stater Bros. Defendant has the financial resources to
2  remove these barriers from the Stater Bros. Facility (without much
3  difficulty or expense), and make the facility accessible to the physically
4  disabled.  To date, however, the Stater Bros. Defendant refuses to either
5  remove those barriers or seek an unreasonable hardship exemption to
6  excuse non-compliance.

7  <div align="center">VI. FIRST CLAIM</div>

8  <div align="center">**Americans with Disabilities Act of 1990**</div>

9  <div align="center">Denial of "Full and Equal" Enjoyment and Use</div>

10  <div align="center">(The Big Lots Facility)</div>

11      25.    McIver incorporates the allegations contained in paragraphs 1
12  through 24 for this claim.

13      26.    Title III of the ADA holds as a 'general rule' that no
14  individual shall be discriminated against on the basis of disability in the
15  full and equal enjoyment (or use) of goods, services, facilities, privileges,
16  and accommodations offered by any person who owns, operates, or leases
17  a place of public accommodation. 42 U.S.C. § 12182(a).

18      27.    The Big Lots Defendants discriminated against McIver by
19  denying "full and equal enjoyment" and use of the goods, services,
20  facilities, privileges or accommodations of the Big Lots Facility during
21  each visit and each incident of deterrence.

22  Failure to Remove Architectural Barriers in an Existing Facility

23      28.    The  ADA  specifically  prohibits  failing  to  remove
24  architectural barriers, which are structural in nature, in existing facilities
25  where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).
26  The term "readily achievable" is defined as "easily accomplishable and
27  able to be carried out without much difficulty or expense." Id. § 12181(9).

28
*McIver v. PNS Stores, Inc., et al.*
Plaintiff's Complaint

29.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

30.    Here, McIver alleges that the Big Lots Defendants can easily remove the architectural barriers at the Big Lots Facility without much difficulty or expense, and that the Big Lots Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

31.    In the alternative, if it was not "readily achievable" for the Big Lots Defendants to remove the Big Lots Facility's barriers, then the Big Lots Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

32.    On information and belief, the Big Lots Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

33.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

34.    Here, the Big Lots Defendants violated the ADA by designing or constructing (or both) the Big Lots Facility in a manner that

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1  was not readily accessible to the physically disabled public—including
2  McIver—when it was structurally practical to do so.[3]

3              Failure to Make an Altered Facility Accessible

4          35.    On information and belief, the Big Lots Facility was modified
5  after January 26, 1992, independently triggering access requirements
6  under the ADA.

7          36.    The ADA also requires that facilities altered in a manner that
8  affects (or could affect) its usability must be made readily accessible to
9  individuals with disabilities to the maximum extent feasible. 42 U.S.C. §
10 12183(a)(2).  Altering an area that contains a facility's primary function
11 also requires adding making the paths of travel, bathrooms, telephones,
12 and drinking fountains serving that area accessible to the maximum extent
13 feasible. Id.

14         37.    Here, the Big Lots Defendants altered the Big Lots Facility in
15 a manner that violated the ADA and was not readily accessible to the
16 physically disabled public—including McIver—to the maximum extent
17 feasible.

18            Failure to Modify Existing Policies and Procedures

19         38.    The ADA also requires reasonable modifications in policies,
20 practices, or procedures, when necessary to afford such goods, services,
21 facilities, or accommodations to individuals with disabilities, unless the
22 entity can demonstrate that making such modifications would
23 fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

24         39.    Here, the Big Lots Defendants violated the ADA by failing to
25 make reasonable modifications in policies, practices, or procedures at the

26

27 _____

28 [3]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action
         as a private attorney general under either state or federal statutes.

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1  Big Lots Facility, when these modifications were necessary to afford (and
2  would not fundamentally alter the nature of) these goods, services,
3  facilities, or accommodations.

4      40.   McIver seeks all relief available under the ADA (*i.e.*,
5  injunctive relief, attorney fees, costs, legal expense) for these
6  aforementioned violations. 42 U.S.C. § 12205.

7      41.   McIver also seeks a finding from this Court (*i.e.*, declaratory
8  relief) that the Big Lots Defendants violated the ADA in order to pursue
9  damages under California's Unruh Civil Rights Act or Disabled Persons
10  Act.

11  <center>VII. SECOND CLAIM</center>
12  <center>**Disabled Persons Act**</center>
13  <center>(The Big Lots Facility)</center>

14      42.   McIver incorporates the allegations contained in paragraphs 1
15  through 49 for this claim.

16      43.   California Civil Code § 54 states, in part, that: Individuals
17  with disabilities have the same right as the general public to the full and
18  free use of the streets, sidewalks, walkways, public buildings and
19  facilities, and other public places.

20      44.   California Civil Code § 54.1 also states, in part, that:
21  Individuals with disabilities shall be entitled to full and equal access to
22  accommodations, facilities, telephone facilities, places of public
23  accommodation, and other places to which the general public is invited.

24      45.   Both sections specifically incorporate (by reference) an
25  individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

26      46.   Here, the Big Lots Defendants discriminated against the
27  physically disabled public—including McIver—by denying them full and
28

*McIver v. PNS Stores, Inc., et al.*
Plaintiff's Complaint

1  equal access to the Big Lots Facility. The Big Lots Defendants also
2  violated McIver' rights under the ADA, and, therefore, infringed upon or
3  violated (or both) McIver's rights under the Disabled Persons Act.

4      47.    For each offense of the Disabled Persons Act, McIver seeks
5  actual damages (both general and special damages), statutory minimum
6  damages of one thousand dollars ($1,000), declaratory relief, and any
7  other remedy available under California Civil Code § 54.3.

8      48.    He also seeks to enjoin the Big Lots Defendants from
9  violating the Disabled Persons Act (and ADA) under California Civil
10  Code § 55, and to recover reasonable attorneys' fees and incurred under
11  California Civil Code §§ 54.3 and 55.

12                        VIII. THIRD CLAIM

13                      **Unruh Civil Rights Act**

14                        (The Big Lots Facility)

15      49.    McIver incorporates the allegations contained in paragraphs 1
16  through 48 for this claim.

17      50.    California Civil Code § 51 states, in part, that: All persons
18  within the jurisdiction of this state are entitled to the full and equal
19  accommodations, advantages, facilities, privileges, or services in all
20  business establishments of every kind whatsoever.

21      51.    California Civil Code § 51.5 also states, in part, that: No
22  business establishment of any kind whatsoever shall discriminate against
23  any person in this state because of the disability of the person.

24      52.    California Civil Code § 51(f) specifically incorporates (by
25  reference) an individual's rights under the ADA into the Unruh Act.

26      53.    The Big Lots Defendants' aforementioned acts and omissions
27  denied the physically disabled public—including McIver—full and equal

28
*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

54.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

55.   McIver was damaged by the Big Lots Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

56.   McIver also seeks to enjoin the Big Lots Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Big Lots Facility)

57.   McIver incorporates the allegations contained in paragraphs 1 through 56 for this claim.

58.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

59.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

60.   McIver alleges the Big Lots Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

Page 15

1  both), and that the Big Lots Facility was not exempt under Health and
2  Safety Code § 19956.

3       61.    The Big Lots Defendants' non-compliance with these
4  requirements at the Big Lots Facility aggrieved (or potentially aggrieved)
5  McIver and other persons with physical disabilities.    Accordingly, he
6  seeks injunctive relief and attorney fees pursuant to Health and Safety
7  Code § 19953.

8                          X. FIFTH CLAIM

9              **Americans with Disabilities Act of 1990**

10             Denial of "Full and Equal" Enjoyment and Use

11                    (The Stater Bros. Facility)

12       62.    McIver incorporates the allegations contained in paragraphs 1
13  through 61 for this claim.

14       63.    Title III of the ADA holds as a 'general rule' that no
15  individual shall be discriminated against on the basis of disability in the
16  full and equal enjoyment (or use) of goods, services, facilities, privileges,
17  and accommodations offered by any person who owns, operates, or leases
18  a place of public accommodation. 42 U.S.C. § 12182(a).

19       64.    The Stater Bros. Defendant discriminated against McIver by
20  denying "full and equal enjoyment" and use of the goods, services,
21  facilities, privileges or accommodations of the Stater Bros. Facility during
22  each visit and each incident of deterrence.

23             Failure to Remove Architectural Barriers in an Existing Facility

24       65.    The ADA specifically prohibits failing to remove
25  architectural barriers, which are structural in nature, in existing facilities
26  where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

27

28
*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1    The term "readily achievable" is defined as "easily accomplishable and
2    able to be carried out without much difficulty or expense." Id. § 12181(9).

3        66.    When an entity can demonstrate that removal of a barrier is
4    not readily achievable, a failure to make goods, services, facilities, or
5    accommodations available through alternative methods is also specifically
6    prohibited if these methods are readily achievable. Id. §
7    12182(b)(2)(A)(v).

8        67.    Here, McIver alleges that the Stater Bros. Defendant can
9    easily remove the architectural barriers at the Stater Bros. Facility without
10   much difficulty or expense, and that the Stater Bros. Defendant violated
11   the ADA by failing to remove those barriers, when it was readily
12   achievable to do so.

13       68.    In the alternative, if it was not "readily achievable" for the
14   Stater Bros. Defendant to remove the Stater Bros. Facility's barriers, then
15   the Stater Bros. Defendant violated the ADA by failing to make the
16   required services available through alternative methods, which are readily
17   achievable.

18   <u>Failure to Design and Construct an Accessible Facility</u>

19       69.    On information and belief, the Stater Bros. Facility was
20   designed or constructed (or both) after January 26, 1992—independently
21   triggering access requirements under Title III of the ADA.

22       70.    The ADA also prohibits designing and constructing facilities
23   for first occupancy after January 26, 1993, that aren't readily accessible to,
24   and usable by, individuals with disabilities when it was structurally
25   practicable to do so. 42 U.S.C. § 12183(a)(1).

26       71.    Here, the Stater Bros. Defendant violated the ADA by
27   designing or constructing (or both) the Stater Bros. Facility in a manner

28   *McIver v. PNS Stores, Inc., et al.*
     **Plaintiff's Complaint**

1    that was not readily accessible to the physically disabled public—
2    including McIver—when it was structurally practical to do so.[4]

### Failure to Make an Altered Facility Accessible

4        72.    On information and belief, the Stater Bros. Facility was
5    modified after January 26, 1992, independently triggering access
6    requirements under the ADA.

7        73.    The ADA also requires that facilities altered in a manner that
8    affects (or could affect) its usability must be made readily accessible to
9    individuals with disabilities to the maximum extent feasible. 42 U.S.C. §
10   12183(a)(2).  Altering an area that contains a facility's primary function
11   also requires adding making the paths of travel, bathrooms, telephones,
12   and drinking fountains serving that area accessible to the maximum extent
13   feasible. Id.

14       74.    Here, the Stater Bros. Defendant altered the Stater Bros.
15   Facility in a manner that violated the ADA and was not readily accessible
16   to the physically disabled public—including McIver—to the maximum
17   extent feasible.

### Failure to Modify Existing Policies and Procedures

19       75.    The ADA also requires reasonable modifications in policies,
20   practices, or procedures, when necessary to afford such goods, services,
21   facilities, or accommodations to individuals with disabilities, unless the
22   entity can demonstrate that making such modifications would
23   fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

24       76.    Here, the Stater Bros. Defendant violated the ADA by failing
25   to make reasonable modifications in policies, practices, or procedures at

---

[4]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1   the Stater Bros. Facility, when these modifications were necessary to
2   afford (and would not fundamentally alter the nature of) these goods,
3   services, facilities, or accommodations.

4       77.    McIver seeks all relief available under the ADA (*i.e.,*
5   injunctive relief, attorney fees, costs, legal expense) for these
6   aforementioned violations. 42 U.S.C. § 12205.

7       78.    McIver also seeks a finding from this Court (*i.e.,* declaratory
8   relief) that the Stater Bros. Defendant violated the ADA in order to pursue
9   damages under California's Unruh Civil Rights Act or Disabled Persons
10  Act.

11                    XI. SIXTH CLAIM

12                  **Disabled Persons Act**

13                  (The Stater Bros. Facility)

14      79.    McIver incorporates the allegations contained in paragraphs 1
15  through 78 for this claim.

16      80.    California Civil Code § 54 states, in part, that: Individuals
17  with disabilities have the same right as the general public to the full and
18  free use of the streets, sidewalks, walkways, public buildings and
19  facilities, and other public places.

20      81.    California Civil Code § 54.1 also states, in part, that:
21  Individuals with disabilities shall be entitled to full and equal access to
22  accommodations, facilities, telephone facilities, places of public
23  accommodation, and other places to which the general public is invited.

24      82.    Both sections specifically incorporate (by reference) an
25  individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

26      83.    Here, the Stater Bros. Defendant discriminated against the
27  physically disabled public—including McIver—by denying them full and

28
*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1  equal access to the Stater Bros. Facility.  The Stater Bros. Defendant also
2  violated McIver's rights under the ADA, and, therefore, infringed upon or
3  violated (or both) McIver's rights under the Disabled Persons Act.

4      84.   <u>For each offense</u> of the Disabled Persons Act, McIver seeks
5  actual damages (both general and special damages), statutory minimum
6  damages of one thousand dollars ($1,000), declaratory relief, and any
7  other remedy available under California Civil Code § 54.3.

8      85.   He also seeks to enjoin the Stater Bros. Defendant from
9  violating the Disabled Persons Act (and ADA) under California Civil
10  Code § 55, and to recover reasonable attorneys' fees and incurred under
11  California Civil Code §§ 54.3 and 55.

12  <div align="center">XII. SEVENTH CLAIM</div>
13  <div align="center">**Unruh Civil Rights Act**</div>
14  <div align="center">(The Stater Bros. Facility)</div>

15      86.   McIver incorporates the allegations contained in paragraphs 1
16  through 85 for this claim.

17      87.   California Civil Code § 51 states, in part, that: All persons
18  within the jurisdiction of this state are entitled to the full and equal
19  accommodations, advantages, facilities, privileges, or services in all
20  business establishments of every kind whatsoever.

21      88.   California Civil Code § 51.5 also states, in part, that: No
22  business establishment of any kind whatsoever shall discriminate against
23  any person in this state because of the disability of the person.

24      89.   California Civil Code § 51(f) specifically incorporates (by
25  reference) an individual's rights under the ADA into the Unruh Act.

26      90.   The Stater Bros. Defendant's aforementioned acts and
27  omissions denied the physically disabled public—including McIver—full
28

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1 and equal accommodations, advantages, facilities, privileges and services
2 in a business establishment (because of their physical disability).

3     91.    These acts and omissions (including the ones that violate the
4 ADA) denied, aided or incited a denial, or discriminated against McIver
5 by violating the Unruh Act.

6     92.    McIver was damaged by the Stater Bros. Defendant's
7 wrongful conduct, and seeks statutory minimum damages of four thousand
8 dollars ($4,000) for each offense.

9     93.    McIver also seeks to enjoin the Stater Bros. Defendant from
10 violating the Unruh Act (and ADA), and recover reasonable attorneys'
11 fees and costs incurred under California Civil Code § 52(a).

12 <center>XIII. EIGHTH CLAIM</center>
13 <center>**Denial of Full and Equal Access to Public Facilities**</center>
14 <center>(The Stater Bros. Facility)</center>

15     94.    McIver incorporates the allegations contained in paragraphs 1
16 through 93 for this claim.

17     95.    Health and Safety Code § 19955(a) states, in part, that:
18 California public accommodations or facilities (built with private funds)
19 shall adhere to the provisions of Government Code § 4450.

20     96.    Health and Safety Code § 19959 states, in part, that: Every
21 existing (non-exempt) public accommodation constructed prior to July 1,
22 1970, which is altered or structurally repaired, is required to comply with
23 this chapter.

24     97.    McIver alleges the Stater Bros. Facility is a public
25 accommodation constructed, altered, or repaired in a manner that violates
26 Part 5.5 of the Health and Safety Code or Government Code § 4450 (or

27
28

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

1   both), and that the Stater Bros. Facility was not exempt under Health and
2   Safety Code § 19956.

3      98.   The Stater Bros. Defendant's non-compliance with these
4   requirements at the Stater Bros. Facility aggrieved (or potentially
5   aggrieved) McIver and other persons with physical disabilities.
6   Accordingly, he seeks injunctive relief and attorney fees pursuant to
7   Health and Safety Code § 19953.

## XIV. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Big Lots Defendants
for:

1.   Injunctive relief, preventive relief, or any other relief the Court
     deems proper.

2.   Declaratory relief that the Big Lots Defendants violated the ADA
     for the purposes of Unruh Act or Disabled Persons Act damages.

3.   Statutory minimum damages under either sections 52(a) or 54.3(a)
     of the California Civil Code (but not both) according to the proof.

4.   Attorneys' fees, litigation expenses, and costs of suit.[5]

5.   Interest at the legal rate from the date of the filing of this action.

6.   Such other and further relief as the court may deem proper.

## XV. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Stater Bros. Defendant
for:

7.   Injunctive relief, preventive relief, or any other relief the Court
     deems proper.

8.   Declaratory relief that the Stater Bros. Defendants violated the ADA
     for the purposes of Unruh Act or Disabled Persons Act damages.

---

[5] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

9.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.

10.    Attorneys' fees, litigation expenses, and costs of suit.[6]

11.    Interest at the legal rate from the date of the filing of this action.

12.    Such other and further relief as the court may deem proper.


DATED: July 29, 2008                    DISABLED ADVOCACY GROUP, APLC


_____

LYNN HUBBARD, III
Attorney for Plaintiff Larry McIver

---

[6]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. PNS Stores, Inc., et al.*
**Plaintiff's Complaint**

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153512    — TC

## July 31, 2008
## 10:22:00

## Civ Fil Non-Pris
USAO #.: 08CV1386
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CC

## Total—>  $350.00

FROM: LARRY MCIVER
        VS
        PNS STORES (BIG LOTS)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LARRY McIVER

## DEFENDANTS

PNS STORES, INC. dba BIG LOTS #4267; WENMAR, LLC; STATER BROS. MARKETS, INC. dba STATER BROS. MARKET #156

**FILED**
**JUL 30 2008**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff　**SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III　DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane　Chico, CA 95926　(530) 895-3252

Attorneys (If Known)

**'08 CV 1386 JAH RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
07/29/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153512　AMOUNT $350　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

TAC 7/31/08

CR